UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CORY MARTEZ SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00109-JPH-MG |
| | ) | |
| C. COX, | ) | |
| M. SHEPPARD, | ) | |
| J. MEEKS, | ) | |
| K. HEYSE, | ) | |
| F. VANIHEL, | ) | |
| K. GILMORE, | ) | |
| STUPPY Lt., | ) | |
| J. JOBE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT, SEVERING CLAIMS,
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Cory Smith is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He filed this civil action alleging a continuing pattern of constitutional violations. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Smith's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Unfortunately, much of Mr. Smith's handwritten complaint is difficult to read. The Court has attempted to read it to the best of its ability.

Mr. Smith names the following defendants in his complaint: (1) Correctional Officer ("CO") C. Cox; (2) CO M. Sheppard; (3) Caseworker J. Meeks; (4) K. Heyes (PREA Coordinator); (5) F. Vanihel; (6) K. Gilmore; (7) Lt. Stuppy; (8) Dr. Jennings; and (9) Sgt. J. Jobe. His multiple claims can be grouped together as follows:

### A. General Allegations Against All Defendants

Mr. Smith's complaint begins by asserting that all defendants have harassed, bullied, and threatened him, and have used excessive force against him when he did not pose any safety or security risk. He also alleges "they will

2

also tell other offenders I'm a C.I." and generally engage in behavior that harms his mental health. Dkt. 1, p. 3.

It seems that Mr. Smith is currently in segregation and will be until December 9, 2024. Mr. Smith has filed repeated grievances about that placement and the issues described in the complaint but they go unanswered.

### B. Allegations Against CO Cox

The complaint states that on January 4, 2024, CO Cox repeatedly flipped the lights in Mr. Smith's cell on and off. Mr. Smith asked him to stop because it might cause him to have a seizure, but CO Cox refused and called Mr. Smith a racially derogatory term. Eventually, Mr. Smith did have a seizure, which caused Mr. Smith to fall and split his lip. Mr. Smith reported this incident to Meeks, Heyes, Vanihel, Gilmore, Lt. Stuppy, and Dr. Jennings.

On January 5, 2024, CO Cox was mad at Mr. Smith and pepper sprayed him because he was taking too long to dress after showering and because Mr. Smith had told him earlier that day "facts about Islam and Christianity" and "what I feel about politics." *Id.* at 6. CO Cox then falsely alleged that Mr. Smith had spat on him, but the claim was disproved by video footage during a disciplinary hearing.

### C. Related Allegations Against CO Sheppard, Heyes, and Meeks

At some point, CO Sheppard made transphobic and sexually threatening statements to Mr. Smith. Mr. Smith reported these comments to Heyes as PREA Coordinator. Heyes told Mr. Smith that a transfer would be arranged and "do a 90 day aftercare monitoring but only did it 1 time after 30 days." *Id.* at p. 5. But,

3

after Heyes told him he might be transferred, Mr. Smith was placed in disciplinary segregation "due to misunderstandings" and was told by Meeks that he could not then be transferred because of his placement in segregation. *Id.*

### D. Related Allegations Against COs Cox and Sheppard

Mr. Smith's complaint also seems to allege that COs Cox and Sheppard "mess with me," followed by writing the Court cannot decipher. *Id.* He alleges later in the complaint that COs Cox and Sheppard have called him a "monkey/Muslim" and threatened to place Mr. Smith with a "fag" inmate who would "make sure you wish you're was never born." *Id.* at 7.

### E. Allegations Against Lt. Stuppy

At some point, Lt. Stuppy put Mr. Smith in "strip cell," evidently punitive segregation of some kind, first for 3 days, then for 7 days, then for 14 days. Lt. Stuppy also has improperly declined to approve Mr. Smith's behavioral plan.

### F. Allegations Against Sgt. Jobe

Mr. Smith has been approved for a Kosher diet. Sgt. Jobe often replaces the Kosher meals with non-Kosher or spoiled food. Mr. Smith states that because of this "I have swallow razors, lose my control of my mental health, been place[d] on constan[t] suicide watch 3-5 times," and that his requests for mental health care have not been acted on. *Id.* at 6-7.

### G. Relief Requested

Mr. Smith is seeking compensatory and punitive damages. He also is seeking injunctive relief in the form of a transfer to another facility, and a ruling from the Court prohibiting the Indiana Department of Correction from denying

a facility transfer on the basis of an inmate's placement in disciplinary segregation.

### III. Discussion and Severance of Claims

The claims identified above include unrelated claims against different defendants. These claims belong in different suits. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). Rule 18(a) of the Federal Rules of Civil Procedure provides that "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

"Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492,

5

502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's] PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

The Court concludes that Mr. Smith's claims regarding CO Cox's deliberately acting in a way on January 4, 2024, that induced Mr. Smith to have a seizure, while at the same time calling Mr. Smith a racially-derogatory name, adequately state Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against CO Cox. Also, Mr. Smith's claims regarding CO Cox's pepper spraying Mr. Smith on January 5, 2024, without justification and in response to Mr. Smith's expressing religious and political viewpoints adequately state Eighth Amendment excessive force and First Amendment retaliation claims. These claims **shall proceed** in this action.

All other claims are misjoined. In such a situation, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. The misjoined claims shall either be severed into new actions or dismissed without prejudice. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Mr. Smith is the master of his complaint and shall be given the opportunity to determine which course is followed. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue"). If new actions are opened, Mr. Smith will be responsible for the filing fee associated with each new case. In addition, the

screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case. As always, Mr. Smith should consider whether to file any particular civil action.

Mr. Smith shall have through **September 18, 2024**, in which to notify the Court whether he wishes the Court to sever any claims identified above into new actions, and if so, he must identify which claims against which defendants he wants to proceed. If there were additional claims raised in the original complaint that the Court failed to identify, Mr. Smith may identify those claims and they will be severed. If Mr. Smith fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

### IV. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant CO Cox in the manner specified by Rule 4(d). Process shall consist of the complaint filed on April 3, 2024, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve CO C. Cox electronically as an Indiana Department of Correction employee.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/20/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CORY MARTEZ SMITH
265110
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction and employee
	Correctional Officer C. Cox (Wabash Valley Correctional Facility)