UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CORY MARTEZ SMITH,<br><br>              Plaintiff,<br><br>         v.<br><br>C. COX,<br>M. SHEPPARD,<br>J. MEEKS,<br>K. HEYSE,<br>F. VANIHEL,<br>K. GILMORE,<br>STUPPY Lt.,<br>J. JOBE,<br><br>              Defendants. | No. 2:24-cv-00109-JPH-MG |

**ORDER DENYING RECONSIDERATION OF SCREENING ORDER, DIRECTING SEVERANCE OF CLAIMS, AND DENYING "MOTION TO TRANSFER"**

**I. Overview**

Plaintiff Cory Martez Smith filed this civil action alleging a variety of constitutional deprivations at the hands of nine different defendants at Wabash Valley Correctional Facility.[1] In the screening order of August 20, 2024, the Court identified six basic groups of claims in Mr. Smith's complaint:

> A. General allegations against all defendants regarding excessive force and other mistreatment;
>
> B. Allegations that on January 4 and 5, 2024, Defendant Cox deliberately caused him to have a seizure and used pepper spray against him in

---

[1] Defendant Dr. Jennings is not currently listed as a defendant on the docket, but he was included as a defendant in Mr. Smith's complaint.

1

>   retaliation for his expression of religious and political views;
>
>   C. Allegations against Defendants Sheppard, Hayes, and Meeks of mistreating Mr. Smith due to his sexuality;
>
>   D. Allegations against Defendants Cox and Sheppard using derogatory language towards Mr. Smith;
>
>   E. Allegations that Lt. Stuppy improperly placed Mr. Smith in segregation; and
>
>   F. Allegations that Sgt. Jobe has not been providing Mr. Smith with kosher meals as approved and has ignored Mr. Smith's request for mental health care.

Dkt. 8 at pp. 2-5.

Because Mr. Smith is a prisoner who has sued government defendants, the Court assessed "whether joinder is proper under Rule 20 before considering the merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022). The screening order explained that the complaint brought unrelated claims against different defendants and that the claim against Defendant Cox (Claim B) could proceed,[2] while the misjoined claims would be severed or dismissed. Mr. Smith was given the opportunity to notify the Court whether he wished to sever any claims into new actions. Dkt. 8 at 7; *see also Dorsey*, 55 F.4th 1094 (explaining that when joinder is improper the court may sever the case into two or more actions after allowing plaintiff to either consent to severance or opt for partial dismissal).

Mr. Smith has responded by identifying claims he wishes to sever into new actions and by suggesting that the Court overlooked certain claims in the

---

[2] Defendant Cox has appeared and answered in this action. Dkt. 16.

2

screening order. Dkt. 11. For the reasons below, the motion is **denied** to the extent it seeks reconsideration of the screening order but is **granted** to the extent it requests severance of some of the claims identified above into new actions.

## II. Reconsideration of Screening Order

First, Mr. Smith asserts that the Court overlooked allegations that the reason for his mistreatment at Wabash Valley is because of his political views, bisexuality, and advocacy on behalf of LBGTQ people generally. However, the Court did acknowledge Mr. Smith's allegations that Defendant Cox retaliated against him at least in part because of "facts about Islam and Christianity" and "what I feel about politics." Dkt. 8 at 3. The Court also noted Mr. Smith's allegations that Defendant Sheppard made transphobic comments to Mr. Smith and that Cox and Sheppard both called him derogatory racial, religious, and sexuality-based names. *Id.* at 4. Mr. Smith's clarification does not affect the screening order.

Second, Mr. Smith states that the Court overlooked "that Lt. Stuppy, J. Meeks, Heyes, Vanihel, Gilmore, [and] Dr. Jennings know about this but did nothing so I want these claims to proceed." Dkt. 11. To the extent Mr. Smith is wishing to allow claims to proceed in this action not only against Defendant Cox, but also Defendants Stuppy, Meeks, Heyes, Vanihel, Gilmore, and Dr. Jennings, the Court denies that request. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and

3

(2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017).

There are insufficient allegations in the complaint that Defendants Stuppy, Meeks, Heyes, Vanihel, Gilmore, or Dr. Jennings had any personal involvement in the alleged unconstitutional conduct by Defendant Cox on the January 4-5, 2024 dates alleged by Mr. Smith. As such, the Court clarifies and reaffirms that the only claim proceeding in this action is against Defendant Cox, as explained in the screening order.

### III. Severance of Claims

Mr. Smith has also responded to the screening order by stating that of the six groups of claims identified by the Court as misjoined in this action, he wishes to proceed with those claims identified in subparts I(C) and (F) (subparts II(C) and (F) in the screening order). Therefore, the **clerk is directed to open a first new civil action on the docket** consistent with the following:

1. Cory Martez Smith shall be the plaintiff.
2. M. Sheppard, K. Heyse, and J. Meeks shall be the defendants.
3. The Nature of Suit shall be 555.

4

4. The Cause of Action shall be 42:1983pr.

5. The complaint in this suit, dkt. [1], shall be filed and re-docketed as the complaint in the new action.

6. The plaintiff's request to proceed *in forma pauperis*, dkt. [2], shall be filed and re-docketed in the new action.

7. A copy of this Order shall be docketed in the new action.

8. This action and the new civil action shall be shown as linked actions.

The **clerk is directed to open a second new civil action on the docket** consistent with the following:

1. Cory Martez Smith shall be the plaintiff.

2. J. Jobe shall be the defendant.

3. The Nature of Suit shall be 555.

4. The Cause of Action shall be 42:1983pr.

5. The complaint in this suit, dkt. [1], shall be filed and re-docketed as the complaint in the new action.

6. The plaintiff's request to proceed *in forma pauperis*, dkt. [2], shall be filed and re-docketed in the new actions.

7. A copy of this Order shall be docketed in the new actions.

8. This action and the new civil actions shall be shown as linked actions.

The **clerk is directed** to add and then terminate Dr. Jennings as a defendant in this case, and to terminate M. Sheppard, J. Meeks, K. Heyse, F. Vanihel, K. Gilmore, Lt. Stuppy, and J. Jobe as defendants in this case, 2:24-cv-00109-JPH-MG. The claims identified above in subparts I(A), (D), and (E) are

**dismissed without prejudice**. Mr. Smith is reminded that the Court will be required to screen these new cases under 28 U.S.C. § 1915A.

### IV. Motion for Transfer

Mr. Smith has also filed a motion to be transferred from Wabash Valley, alleging that he was attacked by another inmate while being escorted to the Wabash Valley mental health unit. Dkt. 12. He asserts that the other inmate was a "WVCF informant" who was paid to attack Mr. Smith because of his frequent filing of grievances and lawsuits. *Id.* The Court construes this as a request for preliminary injunctive relief.

A request for injunctive relief must be tied to the specific parties and claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."); *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

As clarified above, the only claims proceeding in this action are against Defendant Cox related to actions occurring in January 2024. There are no claims pending or alleged in this action related to a failure to protect Mr. Smith from

other violent inmates, or that Wabash Valley staff pay some inmates to attack other inmates, or that Defendant Cox or any other named defendants in this action would have been responsible for such conduct. As such, there would be no basis for granting Mr. Smith's requested injunctive relief in this action and his motion at dkt. [12] is **denied**.

## V. Conclusion

Mr. Smith's motion to reconsider the screening order and to identify claims with which he wants to proceed, dkt. [11], is **denied in part and granted in part** as explained above. The **clerk is directed** to carry out the instructions detailed in Part III of this Order. Mr. Smith's motion to transfer, dkt. [12], is **denied**.

**SO ORDERED.**

Date: 1/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email

CORY MARTEZ SMITH
265110
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838